UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUILLERMO TRUJILLO CRUZ, | ) | Case No.: 1:21-cv-01162-SAB (PC) |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| T. MATA, et al., | ) ) | |
| Defendants. | ) ) ) | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* BE DENIED |
| | ) ) | (ECF No. 2) |
| | ) | |

Plaintiff Guillermo Trujillo Cruz is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on July 1, 2021.[1] (ECF No. 1.)  Plaintiff has not paid the filing fee or submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court recommends that Plaintiff not be allowed to proceed *in forma pauperis* and that Plaintiff instead be required to pay the filing fee if he wishes to proceed with this action.

---

[1] Under the mailbox rule, a prisoner's pleading is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

1

# I.

# DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice of the following cases: (1) Trujillo v. Sherman, Case No. 1:14-cv-01401-BAM (E.D. Cal.) (dismissed on April 24, 2015 for failure to state a claim); *aff'd* Case No. 15-15952 (9th Cir. May 6, 2016); (2) Trujillo v. Ruiz, No. 1:14-cv-00975-SAB (E.D. Cal.) (dismissed on January 6, 2016 for failure to state a claim), *aff'd*, Case No. 16-15101 (9th Cir. December 15, 2017); (3) Cruz v. Gomez, Case No. 1:15-cv-00859-EPG (E.D. Cal.) (dismissed on February 3, 2017 for failure to state a claim), *aff'd*, Case No. 17-15358 (9th Cir. October 25, 2017); and (4) Trujillo v. Gonzalez-Moran, Case No. 17-15200 (9th Cir.) (dismissed on August 21, 2017 as frivolous). Plaintiff has been informed in other cases that he is subject to § 1915(g). See Cruz v. Leyva, 1:18-cv-00399-LJO-GSA (PC) (E.D. Cal. May 24, 2018) (finding plaintiff subject to § 1915(g) and dismissing action for failure to pay the filing fee); see also Cruz v. Pfeiffer, 1:20-cv-01522-AWI-SAB (PC) (E.D. Cal. Apr. 28, 2021 (same).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which

turns on the conditions he faced at the time he filed his complaint on July 1, 2021. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055. Thus, the availability of this "imminent danger" exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews, 493 F.3d at 1053. The imminent danger exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). "[V]ague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, No. 116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), a plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing. Plaintiff alleges that on April 9, 2019, he was subjected to an adverse transfer to North Kern State Prison in retaliation for filing grievances. On June 27, 2019, based on orders by Defendant T. Mata and facility B yard staff, Plaintiff was attacked from behind and sustained injuries. After the incident, officers Mata, Rodriguez, Rivera, Ledesma, Reyes, Cortez, Guerrero, Hernandez, Mejia, Serna, and Madrigal threatened Plaintiff that if he filed another grievance he would be subjected to another attack. On April 15, 2020, Plaintiff was again transferred to North Kern State Prison and housed in the administrative segregation unit. On April 22, 2020, Plaintiff was released from the administrative segregation unit to general population. From April 16, 2020 to April 22, 2020, officers Narvaiz, Alvarez, and Ortiz threatened Plaintiff with assault in retaliation for filing grievances. On November 14, 2020, Plaintiff was a victim of an assault during yard time. Defendants Mata, Narvaiz, Alvarez, and Ortiz ordered an anonymous source to do their "dirty work" by intentionally setting up the attack.

|   |   |
|---|---|
| 1 | Plaintiff's allegations fail to plausibly demonstrate that he was in imminent danger of serious |
| 2 | physical injury.  Plaintiff's allegations involve two alleged assaults well over a year apart, and the |
| 3 | most recent approximately eight months prior to filing the instant action, by several different |
| 4 | individuals.  Thus, Plaintiff's allegations all concern events that occurred well before Plaintiff |
| 5 | commenced this civil action in July 2021.  Based on these allegations of his complaint, the Court finds |
| 6 | it is not plausible that Plaintiff faced an imminent danger of serious physical injury at the time he filed |
| 7 | this action and Plaintiff does not assert otherwise.  See Andrews, 493 F.3d at 1055 ("Instead, the |
| 8 | exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent |
| 9 | danger of serious physical injury' at the time of filing."); see also Medberry v. Butler, 185 F.3d 1189, |
| 10 | 1193 (11th Cir.1999) (finding failure to protect allegations against prison officials who put an inmate |
| 11 | convicted of sexual battery in general population failed to meet imminent danger standard because the |
| 12 | threat had ceased prior to filing the complaint and there were no allegations that plaintiff was in |
| 13 | imminent danger of serious physical injury at the time he filed his complaint or that he was in jeopardy |
| 14 | of any ongoing danger); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998) ("Allegations that the |
| 15 | prisoner faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and |
| 16 | authorize the prisoner to pay the filing fee on the installment plan."); cf. Abdul-Akbar v. McKelvie, |
| 17 | 239 F.3d 307,  315 n.1 (3d Cir. 2001) (while declining to reach question of whether "imminent |
| 18 | danger" encompasses an ongoing danger of serious physical injury, noting that the plaintiff's |
| 19 | allegations of past acts of physical harassment were not sufficiently specific or related to support an |
| 20 | inference of an ongoing danger). |

## II.
### CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed *in forma pauperis* and instead be directed to pay the $402.00 filing fee in full if he wishes to proceed with this action.

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 4, 2021**

UNITED STATES MAGISTRATE JUDGE